C. AULTMAN & COMPANY, Appellants, v. ALBERT TEEPLE.

**Payment:** EVIDENCE. Where a profit was made in a joint enterprise of the maker and payee of a note, it may be shown against an indorser after maturity, without a showing that a settlement of the joint venture was had, that the note was paid by an application of the maker's share of said joint profits.

*Appeal from Howard District Court.*—HON. E. E. COOLEY, Judge.

THURSDAY, MAY 14, 1896.

ACTION of replevin. Trial by jury. Verdict for the defendant. Plaintiff appeals,—*Affirmed.*

*Frank Sayre* and *H. L. Spaulding* for appellant.

*Barker & Upton* for appellee.

ROTHROCK, C. J.—The property in controversy consisted of two mules and a dark-bay mare. The defendant was the owner of the animals, and on the twenty-eighth day of April, 1891, he executed his negotiable promissory note to Painter and Russell for eighty-five dollars, payable November 1, in the same year. At the same time he made a chattel mortgage of said property to said Painter and Russell, to secure the payment of the note. The mortgage was not filed for record and recorded until February 20, 1892. The plaintiff claimed to be the owner of the note and mortgage by a transfer from Thomas Russell. The defendant answered that he had fully paid the note before it was transferred, and while it was in the possession of George Painter, one of the payees. This was the single issue which was for trial upon the pleadings. The jury were fully warranted in finding from the evidence that George Painter was in the possession of the note until after it was due, and that it was fully paid before he transferred it to any one. We need not discuss the testimony of the witnesses. There is a very decided preponderance of evidence in support of the plea of payment. It appears that George Painter and the defendant were engaged in the fall of the year 1891, in a joint enterprise, in cutting and baling wild hay. It was claimed on the trial, in behalf of defendant, that an arrangement was made between them by which the note and mortgage were to be paid from the proceeds of the hay. This proposition is supported by the evidence. There is evidence to the effect that Painter repeatedly stated that the note was satisfied and paid in the hay transaction. The principal question raised by counsel on this appeal is

that it was not competent, in this case, to show payment without first showing a settlement of the joint hay venture. The rule invoked by counsel has no application, under the issue of payment made in this case. The note was a private debt due from the defendant to Painter and Russell. The evidence authorizes a finding that it was agreed that payment was to be made from the proceeds of the sale of the hay; and that it was so paid. No settlement of a general partnership was required to determine the question of payment. When payment was made, no rights of the plaintiff to any other person were involved.

Other objections are made, to instructions to the jury, and to rulings on the admission and exclusion of evidence, which we do not think require special consideration. We find no error, and the judgment of the district court is AFFIRMED.